for appellant, and I'd like to save five minutes, if I may, for rebuttal. I don't know whether the court keeps the time or not. No, just keep an eye on it. Thank you. If I remember, I'll remind you. I appreciate it, Your Honor. Your Honor, this case has been off the track from the start of the Internal Revenue Service audit. And the reason is that the Internal Revenue Service took the approach where they have two owners, no employees, and they have a mailing list that they own themselves personally. They have the real property owned personally, and they have software that's designed by Ted O'Dell, one of the owners, the husband and wife own the entire corporation, who made the method totally automated. The Internal Revenue Service then attempts to transmute the undrawn wages, if there were any wages or dividends, that Ted O'Dell earned. He declined to be paid and donated his services. The Internal Revenue Service then transmutes that into wages. At the most, what the Internal Revenue Service had any authority to do would be to reallocate the royalties paid and the rent paid into dividends, which is an income tax case. And they did have a code section allowing reallocation of amounts drawn from a closely held corporation under 482 of the Internal Revenue Code. Here, the Internal Revenue Service jumped to attempt to find wages of one of the owners when both worked. The government agrees in its brief that this case required, or that the operation of the business required, minimal labor. Can we just step back a moment? I'm kind of curious about two things. From your perspective, from Charlotte's boutique, what years are in dispute? Thank you, Your Honor. Just getting to that, this is new. I've never had a lot of cases for the Internal Revenue. I've never seen one where the Justice Department agrees and asks this court to reverse three out of four years. We obviously do not dispute that. And at the trial court level, as Your Honor said … Well, let me ask you this. Let's put aside the whole concept of jurisdiction for a moment, the tax court's jurisdiction here. Yes, Your Honor. Assuming the tax court didn't have jurisdiction over the later years, beyond 1995, could the IRS still collect what they believed are failure to report wages? Well … Or failure to pay taxes on wages? Yes, Your Honor. I think if … I understand the court right. If a judgment is entered at tax court, they can collect … No, no, no, no. Well, let's say that the tax court didn't have jurisdiction over 1996 through 1998. Oh, I'm sorry. Can the IRS still go after the unpaid employment taxes for the alleged wages earned by the alleged employees? Assuming that the statute was open, that 941s were filed here, employment tax returns, yes, prior to the enactment of 7436, apparently giving jurisdiction to the tax court, the assessments – and I've been at this for 40 years, as the court probably noticed – the assessments were made without any court proceedings. Right. They merely said, you owe more wages, and we want – and then they collected. I've had, of course, many cases. So if there was a determination in that instance, then the taxpayer would have to pay, and then the taxpayer could either go to the district court or to court of claims. That's correct, Your Honor. And file an action in – you know, an affirmative action to get back the money that the taxpayer paid. Is that how that all works? That is correct, Your Honor. So that all changed, apparently, or there was some attempt to change that. Tried to change it, yes. It was in the Tax Reform Act of 97. 97. Or the Taxpayer Bill of Rights Act of 97. Well, actually, 97, Your Honor, and that – and yes, I've had cases where you file for one employee, where you have multiple employees involved, and reclassification. You pay on one employee, that gets you district court and probably court of claims jurisdiction. Then the government counterclaims for the rest. So you really wanted to play – again, I'm a little bit off the point. Let me ask you this, though. Why wasn't there a dispute here during the audit process over payment of wages? Over what, Your Honor? Over payment of wages. There was, Your Honor, with the Internal Revenue Service agent. During the audit, we, of course, said we don't agree with you. Now, I want to point out and argue to this Court, however. But you did agree that – I forget what her name is. Charlotte O'Dell. Charlotte. That she was an employee. Sure. We did not dispute. And that she received some wages for the years in question. Yes, Your Honor. And that's why the 95-year, we're asking this Court to reverse all four years. And the reason is that we paid her. And, of course, the Internal Revenue agent knew that. And we classified her as an employee for the $400 a month. We did not say she was not an employee for the $400 wages and the two-hour-a-day activity. But it seems like what's happening here, and I think Judge Pius is on the same track here, is there's something everyone doesn't want to tell us here. And then when you – it's like at a point where when you see that you're losing, then if the parties can make concessions and when it's not going their way, then they say that the court didn't have jurisdiction. I mean, obviously, they filed the notice. And, you know, at points where people make concessions, it's later on in the litigation. And then everyone argues that these concessions, therefore, mean that the court didn't have jurisdiction. So I think what we're trying to understand is – and then the commissioner won. And they still want to say, well, that's not good enough because I think they want to – they're trying to reserve some other arrows in their quiver. They're afraid that somehow that's not – it's going to tie their hands in the future. And so this is a little bit confusing from the standpoint, not so much what we see, but there's obviously reasons that we're not seeing here. I listened to the court's question. I don't agree, Your Honor. There's no now hidden agenda here by Charlotte's office. Well, obviously, you don't want to pay – you don't want to have to be responsible for the tax. Well, definitely, Your Honor. But I can tell the court, because as the court, Your Honors, know, I tried the case. We were surprised at the end of the trial. And I frankly – I probably should have known, but I frankly didn't know what they were talking about when they wanted to dismiss those three years. And I stood up and said, yeah, we have no objection. Maybe I should have caught it earlier, whether there was a controversy. But the government did it for me, and we agreed. Yeah, but following up on Judge Pius's question, that leaves you still owing those taxes. So it would have to be paid in order to get that reversed at the district court level. I don't think so, Your Honor, because I believe the statute – you know, there were some, quote, there were 941s filed, and that would start a three-year statute. An opposing counsel may disagree with me. So I believe – now, again, this may require further research – that the government would be too late in the three years. They could not collect the tax. Well, they've made the assessment. I really don't know the answer, Your Honor. I'm not trying to avoid it. But the best I can tell the court, in my experience, is I think – I can tell you this. We would urge they're too late in trying to collect. But it seems to me that the statute works the other way, that if you want to contest it, you've got to do it within the statutory period, either before the tax court or the district court. I've argued in another case that it's too late to assess because the statute – But they did assess. Yes, Your Honor. But the statute, it's 95. There's a 10-year collection. I think it will have run. If the assessment was made, I don't think the government can collect. Oh, it's a collection statute. Yes. There's a 10-year overall. It was amended in 92 to my recollection, and the government has 10 years. It's not told during all this period of litigation? Well, if there's no jurisdiction, the statute isn't told by the tax court filing. It's stopped. Let me ask you a question about just directly on jurisdiction. Why wasn't there a dispute here, at least in capacity, that she received the other non-wage money? There was a dispute over reclassification of the amounts the couple received, Your Honor. There wasn't – was not a dispute, repeating, as to whether or not she was an employee for that two hours a day. But she was an employee for a certain amount of money that she received. That's correct. And you contend that for this other amount of money that she received, she was not an employee. Right. We say she was if the government – So there's a dispute over that, right? Yes. So why doesn't the tax court have jurisdiction over the whole thing? That's what, of course, Judge Laurel said. Why wasn't his decision correct? Because, Your Honor, the statute says a controversy over employee and other capacity. And there was no controversy over her being an employee. I think Judge Laurel was totally wrong. What does the notice say? Does the notice say there's a controversy over whether she was an employee? Yes, Your Honor. That notice was never amended, right? That's correct. So what changes that are concessions and developments that occur during the litigation, correct? Your Honor, I think earlier I said there was a controversy about employee and other status. That is not correct. If I did say that, there was never a dispute as to whether or not Charlotte was an employee for that amount of time she spent. But, you know, I said that. Excuse me, and I'll get to Judge Hugg's question. Can you tell me again? I'm sorry. The notice that the IRS filed, based on that, does the court have jurisdiction? No, Your Honor, because it doesn't fit the statute. I agree with the Justice Department because there was not a dispute about whether or not she was an employee. And the statute is quite clear about that. It says there has to be a dispute over reclassification, not amount of whether it's wages or something else. But isn't the notice saying there's a dispute about whether or not she's an employee? I don't recall that. But later the Internal Revenue Service admitted that there was not a dispute. Right, but I think that the notice does say that. Your Honor, you have it. Go ahead. I'm sorry. I diverted you. Well, that's the exact question. It seemed to me that the notice said it. That would give jurisdiction to the tax court until that's resolved. Your Honor, if I could look at it. I don't believe. Well, that's right. You can look it up for you. Yes, Your Honor. Yeah, you can look it up when you come back. Thank you. So just to put this all in perspective. From your perspective, the only issue that's in dispute here is 95, from your perspective. Is that correct? That's correct, Your Honor. I submit that we argued that Judge Laurel took over and became an advocate, and we still support that position for a new trial. He then continued to be an advocate, which we did not raise in our brief, when he decided the issue when both parties wanted to quit. And we feel that he had no, quote, jurisdiction to keep going. The cases cited are ones where one party wanted to keep going. When Your Honors, of course, are appointed to decide controversies, there was no longer a controversy. Everybody wanted to quit. Now, I contend that 95 is the same way because there's no controversy about employees, as I've said many times in this court. So I'm asking that the court dismiss that 95 year on the same basis. It's somewhat a discussion in theory here, but the Justice Department on those three years says we agree with the appellant. But then who really is the advocate for the three years in this court? And to an extent, and I have a high regard for the Ninth Circuit, to an extent, this court may have to be the advocate, which again has the same argument. I don't mean to insult this court, but who is advocating the position for the three years? No one in this court. And so then does this court decide? We, of course, take the position, well, maybe then if the court decides against it, it becomes an advocate. I want to be very careful that I'm not making a criticism of this court. I have high regard for this court. Did you want to save some time for rebuttal? Yes, Your Honor. Thank you. May it please the Court, I'm Regina Moriarty, and I represent the Commissioner of Internal Revenue. You want to start asking me the same questions, or do you want me just to? What does the notice say? The notice says we have determined that the individual listed or described on the attached schedules are legally classified as employees. Well, they'd already classified her as an employee. Can you keep up your voice, please? So it's the Commissioner's position that we issued the notice of determination in error. So whether she was an employee by, well. Because she had already admitted. Right. But if that's what the notice is, then the court has jurisdiction, correct? No, you have to look at the statute to see if the court has jurisdiction.  Well, but you never amended the notice to say that whether she was an employee wasn't an issue, right? No. Those concessions came later. All right. But that was during the litigation, right? Correct. But it was because we viewed the fact that we didn't, that the terms of the statute granting the tax court jurisdiction weren't met. The statute, unlike deficiency proceedings, when you're dealing with your individual income taxes, is more narrowly drawn. Right. If you, the evidence says you know it now at the point that you made the motion to dismiss. If the evidence was as you saw it at that point, what would your notice of deficiency say at that point? It wouldn't have said. There wouldn't have been a notice of determination issued at all. What would have happened, because the taxpayer had classified Ms. O'Dell as a taxpayer for a portion of her wages, all that would have happened would have been that the Commissioner would have assessed the additional taxes at that point. And then the taxpayer would have had the opportunity to pay taxes for one quarter for one employee and then go to district court or claims court. And then the IRS, the United States would have done that. So you would have asked the taxpayer to go to, it would have had to pay. Right. One, you pay one quarter for one employee. So it's. One quarter, you mean the year, the amount due at the end? No, one three-month period. Right. Do, pay that and all the, you just have to pay that amount? You just have to pay that amount. That gets you into court. That's all you have to pay. And the taxpayer can go either to district court or to? Claims court. Claims court. But here the taxpayer was going to go to court without paying anything. Right. And the Commissioner doesn't want that, right? I mean, obviously the Commissioner won here, all right? Right. And so you have some overarching issues that you're saying that if, if. Correct. There's obviously a turf dispute here between. It's not a turf dispute. It's a, it's really a dispute of what is the IRS supposed to do when it encounters these situations? Because there's an administrative, what the IRS doesn't want to have happen is what's going to happen in this case. We issued the notice of determination in error. We found that out as we proceeded along. So you just withdraw it. And, well. And issue a new one. What happens is in the interim, the statute of limitations is run. We will not be able to collect the taxes. They were not assessed in this case. What we did was we issued the notice of determination in error. What would normally happen is if it were issued correctly was as soon as they filed their tax court petition, that tolls the statute until after this proceeding or the Supreme Court proceeding would be final for 90 days thereafter. And then the statute would pick up again. So then once it's all worked out.  I'm not sure I'm following you. All right. Start that again. If a notice of determination is issued correctly before the three, you have to, you have to assess the taxes within three years of when the return is filed. And they weren't assessed? They have not been assessed in this case. Because we issued a notice of determination which would have told that statute until after the tax court proceedings. Notice of determination, right? Notice of determination. All right. So, I mean, essentially when you make a mistake, if you don't discover that mistake until the middle of when you're in litigation, if that's the attention that's spent to the file, as we all know, I'm like more prepared today than I was a week ago for my court cases. And you go two weeks before. Essentially, if you make a mistake in the first instance and you don't discover it until you're in litigation, the taxpayer is going to prevail. Because the statute is going to run. Unless they've signed a waiver of some kind. So the IRS is issued. So you want to be able to at any point during, even though the court may have, let's just say the court spent a month, but you discover you made a mistake at that point in time, then you want to be able to dismiss it because the court doesn't have, you're going to say even though based on the notice it looked like you had jurisdiction, but now we know that you're wrong, we want to dismiss it and then we want to go back and do it right. If time permits, right. And what the IRS really wants, they have internal guidance that they've issued, that of course wasn't followed in this case, that says any time you encounter a taxpayer and they list somebody as an employee, but there are additional wages, could be bonuses, it could be royalties, it could be dividends, something that you think really should be classified as wages, that we don't have to issue a notice of determination, we can just go ahead and assess. That's what the commissioner's position is. Of course it wasn't followed here. But now the tax court has come down on the other side and has said no, we think we have jurisdiction, that there was a dispute as to this additional amount. Can an employee have two capacities? Yes. I mean, a worker or whatever. Dual status. Some individual have two, you know, a dual status. They can wear two hats. That's correct. So why isn't there a dispute over what they were? Well, there is. Well, and why isn't there jurisdiction? Because when you look at the way the statute is drawn. Which? 7436. And where are you reading from? 7436A. A. All right. It's in connection with an audit. So we're in an audit. We're in an audit. There's an actual controversy involving a determination by the secretary, the commissioner, whoever, that one or more in person should be an employee. Now, it doesn't, I mean, it doesn't tell you. That's part of the reason why we're here. Because maybe you can say that that's not all that clear.  Well, it says that if they're performing services for such persons as an employee, well, then you would, if they had already classified that person as an employee, you don't need to. But only for part of the services rendered. That's where the tax court came down on this. Right. The commissioner. Well, tell me why the tax court, why that, why your interpretation is different is better or more correct than what the district, than what the tax court did. Because later, well, I don't know if it's better or more correct. It's just the position that the. Well, you're advocating it's wrong. We're advocating it's wrong. So what's your, so tell me how you want me, how you'd like, you know, if you were, how do we interpret this then? Well, the commissioner has interpreted 7436 to deal with worker status or worker classification and not payment characterization. Okay. So that's the way the commissioner has interpreted it. Excuse me? That's the commissioner's interpretation? Yeah. I mean, the statute is the proceedings for determination of employment status. And so when you're looking at the status of an individual working for an employer, if they've already classified them as an employee. They didn't classify them as an employee for all purposes, though. That's a question. I mean, the statute is not really all that clear. It talks about those determinations, and then the tax court may determine whether such a determination, which refers back to the first clause. Well, that seems like that in yours towards the, you know, to the benefit of the, what the court determined, not to the commissioners. I mean, you know, I know that you're not perfect. You're purposely making concessions. You're having a candid discussion with the court about what it says and what it doesn't say. But I mean, really, what the IRS wants is to know what the courts, how the courts are going to interpret the statute. Because administratively, it goes through a lot of audits, and it has to know right then and there what should we do. Should we issue a notice of determination? I mean, I guess the real question is. Maybe the key is what kind of a notice the IRS issues. You see, that's where your problem is, is in the notice in which you put this thing at issue that went to the court. I don't think the commissioner would have to know the results in this case in order to formulate what it's going to do in the future. Well, I think in a lot of cases, it's not going to know the result, and that's why we end up in litigation. So from the commissioner's perspective, it's good to know if you call a person an employee, then we do X, Y, and Z. And if you don't call an employee, we do A, B, and C. And then the commissioner is not going to be whipsawed by the statute of limitations going either which way. Now, wait a minute. I'm not following the whipsaw argument. Well, just like in this case, because we said we issued the notice of determination, by the time this was all figured out, we cannot go back and assess the taxes against this taxpayer. Let me ask you, as a result of the tax court's decision here, does the taxpayer owe any money? If you say that the tax court had jurisdiction and you affirm she owes the money for all four years. Right. This is the first time, I've got to say, this is the first time I've ever seen an argument in which one party won and they want to go back and say that the court that found that they won didn't have jurisdiction. It's because it's important to the IRS that they get it right for all the additional audits and the proceedings that are going on. This is just one taxpayer for a couple of years, and it's a small employer. When you get into really large employers with the classifications. Well, you don't really want to try this case. We want to. You want to have some sort of a decision from this Court as to what the CIR should do in the future with regard to its notices. We want to know how this Court says the statute should be interpreted. That's correct. Unfortunately, and I understand that now, unfortunately, I think that the parties dealt with it more as this case, and this is exactly what I was talking about. It's something bigger. There's something, you know, I mean, it isn't, you know, we don't have, you know, I don't think that the briefing is as complete on that issue of what you're asking for as it could be before, you know, you're. Well, I'm sorry. Well, no, I mean, it's not as, you know, obviously we're not getting the Court's perspective either on this either. You know, we're getting the Commissioner's perspective. You know, the Court obviously has, and the appellant has somewhat of a different agenda as opposed to not really to defend the jurisdiction issue. The appellant's letting you take the oar here because the appellant's got to do the, you know, kind of the shotgun approach. You've got to take every approach that you think that you can to win. But, I mean, some of it is that it's a new statute. It was only enacted in 97. Prior to that time, all employment tax disputes went to district courts. So the question, the ultimate question may be when Congress. But isn't there just, isn't this whole statutory scheme of it, you know, it was called the Taxpayer Bill of Rights, wasn't it at the time? I thought that was right. It was a clever little term that Congress used to identify this particular revision to the tax code. This is part of a body of changes, if I remember correctly. And Judge Callahan mentioned this earlier, that, you know, by going to the tax court, following a notice of determination, the taxpayer doesn't have to pay, you know, the money. Right. But in the. Which was all part of the goal of Congress, to make, you know, the whole burden on the taxpayer a little bit easier. That's correct. I mean. We're dealing with a very small employer here in the scheme of things. But for other employers that have, you know, where there's a significant amount in dispute, it seems to me that the tax court is a friendlier court for the taxpayer than district court. I think you'd get a lot of disputes there. Well, I don't know. I mean, you know, I used to do these cases in district court. Right. And I treated them just like a regular federal district court case. And, you know, talk about people getting whipsawed under the Federal Rules of Civil Procedure. They didn't know what they were doing. I want to focus for a second. So I gather the tax court isn't a friendly taxpayer court? I think that you can talk to every practitioner and get a different position on that. I don't know. I'm just curious. We get lots of briefs in our office where they think that the tax, I believe, Mr. Kavassa. Well, what was Congress trying to do when they came up with this provision? They wanted to give the tax court, as they said in legislative history, jurisdiction over certain employment disputes. They did not intend. So they wouldn't have to pay it first. That's a hardship on the taxpayer when they have to go ahead and pay something that they don't believe they owe before they can get to court. I don't think that that was really the reasoning here because of the fact that employment taxes are so different than regular income taxes because you just have to pay the employment tax for one, no matter if you have 1,000 employees, pick out one employee and pay that for one quarter. So I don't think it's the money thing or the prepayment that was getting. The prepayment thing can be huge to a lot of people. I mean, it really can if you don't. And then if you talk about what if the employer was Walmart and, you know, you're talking about a big corporation, wouldn't they much rather go to tax court where they don't have to pay everything that you're saying that they owe? I'm just saying that the amount's not going to be that great if you're just taking one employee and what they earn. But apparently your concern is what if it was a big corporation? Then you don't want that in tax court. No. We don't care where it goes. We just need to know what we're to do. It makes no difference to the IRS. Well, except for you do care because it's forcing you to be more careful. If you don't get it right, then you may have its – if you go to the wrong fork in the road. Well, we just need to know when we're in the audit. If you called this person an employee, we would do X. If you don't call them an employee, we'll do Y. And it's not so much a fork in the road of choices. We want a mechanical almost – I mean, and it's not going to work out in every situation. Sadly, you people have more expertise than a lot of people in terms of – I mean, we didn't write the statute. We're interpreting the statute that Congress wrote that it turns out maybe is a little vague or just isn't going to cover every situation. What if you just assess the tax due and not go for a declaratory judgment? If we assessed it and we should not have because there's – we fall under the 7436 given the tax court jurisdiction, then that's an invalid assessment and we have to abate that. And at that point, it might be too late to issue the notice of determination. So either way, the IRS can be whipsawed and just be left without being able to collect the taxes. So as I understand your position, then, so long as the employer at some point along the way has dubbed or called the person an employee. Then it has been the IRS's position to not issue a notice of determination, just to assess the taxes. But here she said she wasn't an employee in the beginning, correct? No. Well, for 95. But for 96, 97, and 98, she called herself an employee and W-2s were issued with the small portion of wages listed. So the IRS agent in this case just made a mistake according to the IRS's own guidance that it has set out for its agents and revenue officers. Well, what happened if you just simply dismissed when you discovered that? Dismissed or sued? Well, we couldn't do that because it was the taxpayer that filed the petition. So what we did was file a motion to dismiss, which is what I think procedurally was the only thing that we could do. Before your time runs out, how about the second clause? Does the second clause of 7436A apply? Or such person is not entitled to the treatment under subsection A of Section 530 of the Revenue Act of 1978? Does that have any application here? Section 530 has dealt with for years of when somebody, if they're an independent contractor or an employee. And those have been huge disputes. And some people have suggested that maybe that is what the tax, what they wanted the tax court to have jurisdiction over, were those types of disputes. Whether you call somebody an independent contractor or an employee, in an audit, the IRS will look at both of those to see if you're entitled to relief under Section 530, which is Clause 2, or they'll look to see if you've. That happened here. The tax court did that here. Right. So why doesn't the tax court have jurisdiction in that instance then? Because it says or. Well, the tax court looked at it here, but if I'm remembering the record correctly, in the audit, Section 530 was not raised. And so the first clause in Section 530, in 7436A is if in connection with an audit, they raised the Section 530 relief. So that didn't happen here, even though the IRS, even though the tax court went on to address it. Who raised it? It was raised because the tax court addressed it. Did he just do it on the tax judge just do it on his own? Well, never mind. I don't want to. You want to wrap up. I'll take a look at the record again. I wonder if I might ask a question. My problem is very, very similar to the one that Mr. Callahan said at the very beginning. It looks to me like there is a sub rosa agenda. It's what's really being asked of us is to render an advisory opinion on something that IRS would like to know. It would help me if you could trace through what happens when the action is filed with the tax court by the taxpayer. And from that standpoint, what happens as to your ability to collect if there is no jurisdiction? And the statutes that would be in sexual limitations that would be involved. Section 6501 says that you have to assess taxes within three years of filing a return. Section 6503A, I believe, says that it's probably going to say notice of deficiency, but 7436 has incorporated all of these procedural. 6503A says that if a tax court petition is filed, then the statute of limitations is told until that proceeding becomes final and for 60 days thereafter. So if the IRS, as they did in this case, issued a notice of determination, but they should not have, by the time the three years had run from the time the employment tax forms 941 had been filed, so we cannot assess those employment taxes. On the other hand, if we went ahead and assessed those at the time during the audit because we didn't think we needed to issue a notice of determination, when, in fact, there was this dispute that was covered under 7436 and we should have issued a notice of determination, then the assessment is invalid and the IRS has to abate that. And at that point, it's too late, most likely, to issue the notice of determination because there are time limitations on when that has to be issued. That, too, has to be issued within three years of the filing of the employment tax returns. So I think the statutes you want to look at are 6501 and 6503. All right. If the IRS believes that the employment taxes have not been properly paid, what is the first thing legally that the IRS does? It opens an audit. Well, that I know. But after that, you've opened your audit and you've found that out. Now what do you file? An assessment, determination, or what? A dispute. I mean, under the IRS's current guidance, in this case, we opened up the audit of Charlotte O'Dell's boutique. All right. You believe that there's problems with additional taxes. And we saw that she listed herself as an employee. Okay. We would just issue the assessment. All right. And we made a mistake. There was a mistake made here, and that didn't happen. That's what the IRS's guidance is. But now we have the tax court opinion. Now, wait a minute. That's the way I understand it. It's the issue of the assessment. Now, you're talking about a determination. What's that? How does that fit into that? It's a determination of whether that person is an employee. All right. Now, you've assessed. The worker's status. You've assessed because you believe that that person is an employee. Well, we should have assessed in this case because she called herself an employee. All right. But you didn't. But if she hadn't called herself that, hadn't issued a W-2, hadn't ever called herself an employee, then we could not have assessed. We would have had to issue the notice of determination. And what happens there with the notice of determination? Well, then, if the taxpayer disputes that, they may, they don't have to, they may file a petition in the tax court and contest it here. If they don't file a petition in the tax court within 90 days, then the IRS can assess. So does the assessment come first or the notice of determination? If the notice of determination is issued, we cannot issue the assessment. Yes. Until the employee has been, until it's been determined whether or not the person was properly classified. Right. What's the correct classification. Right. That's correct. So here you didn't do the assessment because you filed the notice. Right. And then she filed a petition. Right. And her petition was essentially contesting your notice? Yes. But the notice itself can't grant the tax court jurisdiction. You have to look at the terms. Right. Let me just, you're way over your time, but let me, let me just ask you one last, from my, the end result here would be if we adopt your position, the IRS's position, Commissioner's position, is that you will not be able to issue a notice of assessment to Charlotte's Boutique for the three years in dispute? That's correct. So then she would only owe taxes for the 95 year. That's correct. Is that right? Okay. So you've won before the tax court. You would lose at this point, right? I don't know if I want to call it lose. We would have guidance as to how that is. Well, the tax and the treasury is going to lose this money, right? I thought there was a big deficit out there someplace. Deep in the sky. But there would be, there would be no way you could collect. For these three years. For these three years. That's correct. And so, well, put it the other way, the taxpayer wins. Well, everybody, it's a win-win situation. How about that? I mean, the IRS needs to know what the statute. So it's really an advisory. So that would only be, if this was affirmed basically on these facts for the mem dispo, then you still don't know what the law says here. Well, no, then we start issuing notices of termination in every case where there's any kind of dispute at all. But that doesn't help you because you can't assess. Well, if the courts have interpreted the statute the way the IRS has here, then the IRS knows what it's to do. I mean, the problem is encountered is if the courts are, if you decide one way and then the Eighth Circuit decides another and. . . I just don't see why the IRS just doesn't assess and then. . . Pardon? They're trying to follow the statute as best they can. If they've assessed improperly, then they have to abate that. Well, that's true. But that's when the taxpayer goes to court, right? If you assess improperly, though, they have to pay it before they can go to court. No, they can go to tax court, can't they? No, only if we've issued a notice of determination. I see. Thank you. Thank you. I believe you had five minutes and 16 seconds. I agree with. . . So why don't you want us to affirm? I want you to reverse, Your Honor, and I'm going to have to go to therapy, I think, after this case because I agree with almost everything the government says. But I do want to point out, respectfully, I think the court is wrong in looking at the notice of determination because this is similar to a complaint in district court where you say, I've got jurisdiction. We always say that. We often get bounced out because we don't have. So the IRS is saying, hey, I've got jurisdiction here. That, of course, does not mean that the statute has been observed. And, of course, we can bring the issue of jurisdiction up at any time. But, Chris, now that I'm listening to the government here, they don't really know. Well, they've taken this. What they're saying is, well, we just want to know, and then that will tell us what to do. Well, that's what is so really totally unfair, Your Honors. This court, the Ninth Circuit, and the government many times says we don't go along with circuit cases, only United States Supreme Court. This case won't solve what they want it to solve. The real issue is what they should have done, and they should have amended the statute, which they did for another reason, and it was retroactive to 1997. Justice Douglas, in a case, Commissioner v. Lester, years ago in 1961, says 366 U.S. 299, resort to litigation rather than to Congress for a change in the law is too often the temptation of government, which has a longer purse and more endurance than any taxpayer. That's exactly applicable, what Justice Douglas said in a concurrence in 1961. The court's decision here will not be followed, as we all know, Hart v. Massoneri and so forth, but nationwide. Now, maybe they're going to ask for a review, depending, and this would further give me a pause, if I have to defend the certiorari saying that this court isn't wrong because the Justice Department thinks it should be reversed. The whole approach here, and Justice Page mentioned it, the Odell's, this is a small case. Many times the Justice Department and the IRS looks for a small case, often with a pro se representation, to use this nationwide. Well, we know it's not a small case to the Odell's. Well, the Odell's, and I won't get into the equities, but it really is just kind of outrageous that they have to go into this kind of expense for the government to try and figure out how they want to apply. But more important... Of course, if you win, you've saved about $30,000 from your client. Well, Your Honor, this gets so circular. If we win, we save money. If we lose, we get the money back. Why? We're talking about owners. Okay, we have to pay the W-2 form. There's a case, Cleveland Baseball Club, the Supreme Court, that says it's the year in which you pay it. Then we apply for a tax refund because our W-2 form says, whatever it is, we should have withheld $15,000 and we get it back. I can tell the court that if I continue to handle the case and we have to pay, we're going to ask that it be applied against the Odell's personal income currently. So this just circles around. But, of course, the real cost is the Odell's paying me. And they've already lost in that viewpoint, Your Honor. They're not going to win in any event because they've had to pay me more than this case is involved with. And it really is. I realize the equities are not a part of this case. We're not talking about a damage suit. But this really is an unfair situation, and it's unfair that maybe this will apply to many, many cities. I can't help but think that Congress wanted to provide a form for the taxpayer without having to pay. Yes, I think Congress did.  amended to cover the taxpayer's income and not the taxpayer's employee. Yes, there's been a dispute, as the Court probably knows, since 1979 on reclassification, and Congress wanted an ameliorated section. But the statute, I agree with the Justice Department, didn't cover it. It could have been retroactively amended. Well, but Congress hasn't retroactively amended it. But it did, the same statute, in 2000, it amended it retroactively in 1997. That's the solution. Let me ask you a question about the statute itself. I'm looking at 7436A, and just beyond the first one and two, it says, Upon filing an appropriate pleading, the tax court may determine whether such a determination by the secretary is correct. That would be of the employment. And the proper amount of employment tax under such a determination. Now, the part and would seem to confer also jurisdiction on the Court to determine the proper amount of employment tax under such determination. I think the Justice Department approach is totally right, Your Honor, because it says a actual controversy. Now, you must. Where are you looking? At the very start of the statute, Your Honor, if in connection with the audit, there is an actual controversy involving a determination. I listened to what the Court said. Then you have to clear the hurdle of one or two. Again, the Justice Department cites a statute on 19 and 20 of their brief. One or more individual performing services are employees. There's no controversy about that. For the 520, there's no controversy about that. And I can tell the Court regarding district court, we would have paid, but we weren't sure whether there's any more jurisdiction in district court. Maybe we should have filed two lawsuits. But I looked at it, and I thought, well, we might as well. First of all, you better get to tax court. If you default on a 90-day letter, you're going to have a judgment against you anyhow. So should we file in two courts? We felt that, no, it was too much trouble. From a viewpoint of some discussion about tax court being more favorable. I didn't say favorable. I said friendly. They're friendly, Your Honor. We call it the commissioner's court, some of the practitioners. I guess that answers it. So you'd rather be in district court, then, huh? Much rather, Your Honor. I've had 100% success, I haven't tried that many cases, trying refund cases before juries in district court. My batting average, I'm ashamed to say, in tax court maybe is about 1 out of 20. And maybe I'm not nearly as effective, but I don't think that's the sole criterion. Thank you, Your Honors. I haven't argued that the merits of this, but amicare and placumas applies. We have the briefs. And they're in the briefs. We have the briefs. Thank you very much. The matter will be deemed submitted. We appreciate your arguments.
judges: Hug, Paez, Callahan